# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF TENNESSEE
# AT CHATTANOOGA

| CHESTER L. HALFORD, JR., | ) | |
| --- | --- | --- |
| | ) | Case Nos. 1:14-cr-33; 1:16-cv-246 |
| *Petitioner*, | ) | |
| | ) | Judge Travis R. McDonough |
| v. | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent*. | ) | |

## MEMORANDUM OPINION

Before the Court is the United States' motion to deny and dismiss Petitioner's supplemented pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Doc. 44). Petitioner submitted the petition on June 23, 2016 (Doc. 38 (original motion); Doc. 40 (amended motion)). In it, he challenges his enhancement under Section 2K2.1 of the United States Sentencing Guidelines based on *Johnson v. United States*, 135 S. Ct. 2551 (2015), which held that the residual provision of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e), was unconstitutionally vague (*Id.* (suggesting that his sentence is no longer valid because the Guidelines residual provision is equally vague)).[1]

---

[1] The ACCA mandates a fifteen-year sentence for any felon who unlawfully possesses a firearm after having sustained three prior convictions "for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). The statute defines "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves the use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B). It was this third clause—the residual clause—that the Supreme Court deemed unconstitutional in *Johnson*. 135 S. Ct. at 2563.

**I.     BACKGROUND**

In 2015, Petitioner pled guilty to possessing ammunition as a felon, in violation of 18 U.S.C. § 922(g)(1), which subjected him to a statutory penalty range of up to ten years' imprisonment under 18 U.S.C. § 924(a)(2) (Presentence Investigation Report (PSR) ¶¶ 1–2, 49). Based on two prior Tennessee convictions for selling cocaine (*Id.* ¶¶ 28, 30), the United States Probation Office assigned Petitioner an enhanced base offense level under Section 2K2.1(a)(2) (*Id.* ¶ 11). A three-level reduction for acceptance of responsibility (*Id.* ¶¶ 19–20), resulted in a total offense level of twenty one, criminal history category of VI, and advisory Guidelines range of 57 to 71 months' imprisonment (*Id.* ¶¶ 21, 50). On May 14, 2015, this Court imposed a 62-month term of incarceration (Doc. 34). Petitioner did not appeal and, as a result, his conviction became final for purposes of § 2255(f)(1) on May 28, 2015. *See, e.g.*, *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining that an unappealed judgment of conviction becomes final when the fourteen-day period for filing a direct appeal has elapsed).

The Supreme Court decided *Johnson* on June 26, 2015. Less than one year later—on June 17, 2016, Petitioner filed the instant petition challenging his base offense level based on

---

The Guidelines set a general base offense level of fourteen for violating 18 U.S.C. § 922(g). U.S. Sentencing Manual § 2K2.1(a)(6). For offenders with one prior conviction for either a "crime of violence" or "controlled substance offense," the base offense level increases to twenty. U.S. Sentencing Manual § 2K2.1(a)(4). Offenders with two such convictions face a base offense level of twenty-four. U.S. Sentencing Manual § 2K2.1(a)(2). "Controlled substance offense" is defined as any offense "punishable by imprisonment for a term exceeding one year, that prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . or the possession of controlled substance . . . with intent to manufacture, import, export, distribute, or dispense." U.S. Sentencing Manual § 4B1.2(b). "Crime of violence" is defined in an almost identical manner as "violent felony" under the ACCA. *See* U.S. Sentencing Manual § 4B1.2(a) (adopting identical use-of-force and residual clauses and similar enumerated-offense clause).

that decision (Doc. 38). Consistent with an Order of this Court, Petitioner amended that original filing to comport with the Rules Governing § 2255 Proceedings on August 16, 2016 (Doc. 40). The United States responded in opposition to collateral relief on September 15, 2016 (Doc. 42).

On October 12, 2016, Petitioner filed a pro se motion requesting that this Court hold his petition in abeyance pending the Supreme Court's resolution of two potentially dispositive issues in *Beckles v. United States*, 137 S. Ct. 886 (2017). That motion remains pending before the Court.

On March 6, 2017, the Supreme Court decided *Beckles* and held in that decision that the United States Sentencing Guidelines are "not amenable to vagueness challenges." *Id.* at 894. Shortly thereafter—on March 30, 2017, the United States filed the instant motion to dismiss Petitioner's challenge to his career offender designation in light of *Beckles* (Doc. 44).

## II. MOTION TO STAY PENDING *BECKLES*

Because the United States decided *Beckles* on March 6, 2017, Petitioner's pro se request that this Court stay resolution of his petition pending the same (Doc. 43) must be denied as moot.

## III. MOTION TO DENY AND DISMISS WITH PREJUDICE

The United States filed the motion to deny and dismiss Petitioner's collateral in light of *Beckles* on March 30, 2016 (Doc. 44). Petitioner has not filed a response and the time for doing so has now passed. E.D. Tenn. L.R. 7.1, 7.2. This Court interprets the absence of a response as a waiver of opposition. *See, e.g.*, *Notredan, LLC v. Old Republic Exch. Facilitator Co.*, 531 F. App'x 567, 569 (6th Cir. 2013) (explaining that failure to respond or otherwise oppose a motion to dismiss operates as both a waiver of opposition to, and an independent basis for granting, the unopposed motion); *see also* E.D. Tenn. L.R. 7.2 ("Failure to respond to a motion may be

deemed a waiver of any opposition to the relief sought"). The unopposed motion to dismiss will be granted.

IV. **CONCLUSION**

Because *Beckles* forecloses *Johnson*-based collateral relief from Guideline enhancements and because this Court interprets Petitioner's failure to respond to the request for dismissal as a waiver of opposition, the United States' unopposed motion to deny and dismiss (Doc. 44) will be **GRANTED** and Petitioner's supplemented petition (Docs. 38, 40) will be **DENIED** and **DISMISSED WITH PREJUDICE**. Petitioner's pro se request to stay resolution of the petition pending *Beckles* (Doc. 43) will be **DENIED as moot**. This Court will **CERTIFY** any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** Petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

**ORDER ACCORDINGLY.**

    */s/ Travis R. McDonough*
    **TRAVIS R. MCDONOUGH**
    **UNITED STATES DISTRICT JUDGE**